UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:23-cv-342-BJB

| | |
|---|---|
| YASMIN BAKER | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ESTHER RAGAN | ) |
| Defendant. | ) |

\* \* \* \* \*

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant, Esther Ragan ("Ragan"), hereby removes the entire civil action filed in the Jefferson County Circuit Court, Division 11, Civil Action No. 23-CI-002286, to this Court. In support of removal of this matter, Ragan states as follows:

### I. NOTICE OF REMOVAL IS TIMELY.

1. On April 12, 2023, plaintiff, Yasmin Baker ("Baker"), filed a civil lawsuit against Ragan in the Jefferson County Circuit Court, styled *Yasmin Baker v. Esther Ragan,* Civil Action No. 23-CI-002286.

2. In her Complaint, Baker alleges that Ragan was negligent in the operation of Ragan's vehicle resulting in a motor vehicle accident that occurred on September 1, 2021.

3. With respect to damages, Baker alleges that she is entitled to compensatory damages, post-judgment interest, and court costs.

4. On April 12, 2023, a civil summons was issued for service on Ragan. Ragan was served with the civil summons and state court lawsuit on June 14, 2023. (*See* Exhibit A for a copy of Baker's summons and complaint and all of the process, pleadings, and orders that have been served upon or by Ragan in the state court action.)

5. Notice of Removal is therefore filed within the 30-day timeframe provided by 28 U.S.C. § 1446(b).

## II. REMOVAL TO THIS DISTRICT IS PROPER.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the U.S. District Court for the Eastern District of Kentucky is the federal judicial district embracing the Jefferson County Circuit Court, where the state court action was originally filed.

7. Written notice of the filing of the Notice of Removal will be served on Baker's counsel, and a copy will also be promptly filed with the Clerk of the Jefferson County Circuit Court, pursuant to 28 U.S.C. § 1446(d).

## III. DIVERSITY JURISDICTION EXISTS.

8. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332. Thus, this civil action may be removed pursuant to 28 U.S.C. § 1441 and §1446 because it is an action involving a controversy between citizens of different states and the amount in controversy exceeds $75,000.00

**A. The Present Controversy is Between Citizens of Different States.**

9. Baker is a citizen and resident of Louisville, Jefferson County, Kentucky. *See,* Compl. at ¶ 1.

10. Ragan is a citizen and resident of New Albany, Floyd County, Kentucky. *See,* Disclosure Statement on behalf of Esther Ragan.

11. The present controversy is therefore between citizens of different states and the parties are diverse pursuant to 28 U.S.C. § 1332.

**B. The Amount in Controversy in the Present Action Exceeds $75,000.00.**

12. Baker alleges in her Complaint that she "sustained temporary and permanent injuries … causing great physical and mental pain and anguish and the loss of enjoyment of life, that she will continue to suffer such damage in the future, her injuries being permanent in nature; that she has incurred large sums of money for physicians and medical expenses in treatment of said injuries and will be required to incur large sums of money for physicians and medical expenses in the future, her injuries being permanent in nature; and that she has lost wages and that her ability to earn wages in the future is impaired, her injuries being permanent in nature." *See,* Compl. at ¶6.

13. More specifically, Baker's counsel has refused to stipulate that Baker's damages, exclusive of interest and costs, are $75,000.00 or less.

14. Baker's allegations, if proven, could entitle her to significant compensatory damages, including medical expenses, lost wages, future medical expenses, and pain and suffering.

15. Based on the allegations contained in Baker's Complaint, it is more likely than not that the amount in controversy in this matter exceeds the Court's $75,000.00 jurisdictional minimum, exclusive of interest and costs. 28 U.S.C. §1332(a). Therefore, Ragan is entitled to removal based on diversity jurisdiction pursuant to 28 U.S.C. §1332 because the parties are diverse and the amount in controversy more likely than not exceeds the $75,000.00 threshold.

16. By this Notice of Removal, Ragan does not waive any defenses or objections she may have to this action. Ragan intends no admission of fact, law, or liability by this Notice of Removal, and expressly reserves all defenses.

**WHEREFORE**, defendant, Esther Ragan, requests that the above-captioned action be deemed removed to this Court upon filing of this Notice of Removal.

Respectfully Submitted,
MICHAEL J. O'CONNELL
JEFFERSON COUNTY ATTORNEY


*/s/ Gregory Scott Gowen*
Gregory Scott Gowen
Assistant Jefferson County Attorneys
First Trust Centre
200 S. Fifth, Suite 300N
Louisville, KY  40202
(502) 574-3337
*Counsel for Defendant, Esther Ragan*

**CERTIFICATE OF SERVICE**

  I certify that on July 5, 2023, I electronically filed this Disclosure Statement with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Anna P. Noakes
NOAKES LAW GROUP
12101 River Beauty Loop, Unit 101
Prospect, KY 40059
anoakes@noakeslaw.com

              */s/ Gregory Scott Gowen*
              *Counsel for Defendant, Esther Ragan*